Benjamin J. Ginter, Attorney at Law
34 Forest Avenue
Cranford, NJ 07016
Tel: 908-272-6565
Fax: 484-214-0310
Attorney for Debtor

---------------------------------------------------------------

IN RE:                          |UNITED STATES BANKRUPTCY COURT
                                |DISTRICT OF NEW JERSEY
                                |CHAPTER 13
   VIRGINIA E. SANTOS           |CASE NO.: 14-28424/JKS
                                |
                                |Hearing Date: November 8, 2018
      DEBTOR.                   |Time: 11:00 AM
                                |
                                |
                                |

---------------------------------------------------------------

**NOTICE OF MOTION FOR AUTHORIZING TO SELL PROPERTY FREE AND CLEAR
OF LIENS; APPOINTING PROFESSIONALS; AND FOR ALLOWANCE OF
BROKER'S COMMISSION AND COUNSEL FEES**

To:

Marie-Ann Greenberg
Chapter 13 Standing Trustee
30 Two Bridges Road
Suite 330
Fairfield, NJ 07004

**Denise E. Carlon**
KML Law Group PC
Sentry Office Plaza
216 Haddon Avenue
Suite 206
Westmont, NJ 08108

**Brian C. Nicholas**
KML Law Group, PC
216 Haddon Ave, Suite 406
Westmont, NJ 08018

American Express
Po Box 981537
El Paso, TX 79998
Bank Of America

Po Box 982235
El Paso, TX 79998

Calvary Portfolio
500 Summit Lake Dr, Suite 4a
Valhalla, NY 10595

Capital One
Po Box 30281
Salt Lake City, UT 84130

Chase
Po Box 15298
Wilmington, DE 19850

Client Services
3451 Harry S Truman Blvd
St Charles, MO 63301

Fein Such Kahn & Sheppard
7 Century Dr, Suite 201
Parsippany, NJ  07054

Forster, Garbus & Garbus
60 Motor Parkway
Commack, NY 11725

Gecrb
Po Box 965001
Orlando, FL 32896

Ltd Financial
7322 Southwest Freeway, Suite 1600
Houston, TX 77074

Lyons Doughty Veldhuis
130 Gaither Dr, Suite 100
Mount Laurel, NJ 08054

Midland Funding
8875 Aero Dr, Suite 200
San Diego, CA 92123

National Collegiate Trust
120 N 7th St
Harrisburg, PA 17102

```
Ncb Management
1 Allied Dr, #DT
Trevose, PA 19053

Northstar Location
4285 Genesee St
Cheektowaga, NY 14225

Pnc Bank
Po Box 856177
Louisville, KY 40285

Pnc Mortgage
3232 Newmark Dr
Miamisburg, OH 45342

Richard C. Genabith
Po Box 317
Berkeley Heights, NJ 07922

State Of New Jersey
Department Of Treasury Taxation Division
Po Box 1018
Moorestown, NJ 08057

Target
Po Box 673
Minneapolis, MN 55440

United Collections Bureau
5620 Southwyck Blvd, Suite 206
Toledo, OH 43614
```

**PLEASE TAKE NOTICE** that on November 8, 2018 at 11:00 AM  or as soon thereafter as counsel may be heard, the undersigned, Benjamin J. Ginter, Attorney for the Debtor, will move before the United States Bankruptcy Court, district of New Jersey, 50 Walnut St, Newark, NJ 07102 for an order AUTHORIZING TO SELL PROPERTY FREE AND CLEAR OF LIENS; APPOINTING PROFESSIONALS; AND FOR ALLOWANCE OF BROKER'S COMMISSION AND COUNSEL FEES

**PLEASE TAKE FURTHER NOTICE** that the undersigned shall rely upon the annexed application in support of the relief being sought, together with such oral argument as the Court deems necessary.

**PLEASE TAKE FURTHER NOTICE**, that the relief requested herein does not involve complex legal issues; accordingly, no brief or

memorandum of law is being submitted in support of the within Motion.

**PLEASE TAKE FURTHER NOTICE**, that unless responsive papers are timely filed in accordance with local rules and served upon Debtors attorney, this Motion shall be deemed uncontested.

**PLEASE TAKE FURTHER NOTICE**, that pursuant to D.N.J. LBR 9013-1(a), a proposed form of Order is submitted herewith.


Dated: October 8, 2018

/s/ Benjamin J. Ginter
Benjamin J. Ginter, Esq.
Attorney for the Debtor

Benjamin J. Ginter, Attorney at Law
34 Forest Avenue
Cranford, NJ 07016
Tel: 908-272-6565
Fax: 484-214-0310
Attorney for Debtor

----------------------------------------------------------------

IN RE:                          |UNITED STATES BANKRUPTCY COURT
                                |DISTRICT OF NEW JERSEY
                                |CHAPTER 13
 VIRGINIA E. SANTOS             |CASE NO.: 14-28424/JKS
                                |
                                |Hearing Date: November 8, 2018
      DEBTOR.                   |Time: 11:00 AM
                                |
                                |
                                |

----------------------------------------------------------------

**CERTIFICATION IN SUPPORT OF MOTION FOR AUTHORIZATION TO
SELL REAL PROPERTY FREE AND CLEAR OF JUDGMENT LIENS; FOR
ALLOWANCE OF BROKER'S COMMISSION AND ATTORNEY FEES; AND TO
APPOINT PROFESSIONALS**

Benjamin J. Ginter, certifies as follows:

1. I am the attorney representing the debtor, Virginia E.
   Santos, in a Chapter 13 bankruptcy which was filed on
   September 8, 2014. I make this certification in support
   of the Debtors' Motion for Authorization to Sell a
   certain piece of Real Property Free and Clear of Judgment
   Liens, pursuant to 11 U.S.C. Sec. 363 (b) and (f); for
   Allowance of the Broker's Commission and Attorney's Fees
   Pursuant to 11 U.S.C. Sec 328(a) and 503(b)(1),

2. The property is currently Debtors' primary residence. The
   Debtor proposes to sell this property to J&G Property

Solutions for $269,990.00.00. Annexed hereto as **Exhibit A** is a true copy of the Contract of Sale.

3. The Debtor currently has a mortgage on this property in the amount of approximately $90,607.01.00 owed to PNC Mortgage. **Exhibit B.**

4. The home recently appraised for $270,000.00 Annexed hereto as **Exhibit C** which indicates that the home is being sold for fair market value.

5. Based on the selling price and mortgage payoff, there is approximately $179,000.00 of equity. It is believed that this sale will not only pay the mortgage lien off in full, but there will be sufficient proceeds left over to pay any other unsecured creditor in full.

6. The Debtor also requests allowance of real estate attorney's fees under 11 U.S.C. Sec 328(a) and 503(b), which is customary under a such a transaction.

WHEREFORE, we respectfully request that this Court enter into an Order Authorizing the Sale of the Property Free and Clear of Judgment Liens and Allow real estate attorney fees to be paid at closing.

We hereby certify the foregoing statements made by me are true; I am aware that if any of the foregoing

statements made by me are willfully false, I am

subject to punishment.


Dated: October 8, 2018                    /S/BENJAMIN J. GINTER, ESQ.
                                             BENJAMIN J. GINTER, ESQ.

EXHIBIT A

# AGREEMENT TO SELL REAL ESTATE

1. **SALE AND PURCHASE:** _Virginia   Santos_ ("Seller")
and _J + G Property   Solutions_ ("Buyer")
agree to sell and buy on the terms and conditions specified below the property described as:
Address: _23   Pershing   Ave   Cranford   NJ   07016_
together with all existing improvements and attached items, including all fixtures, built-in furnishings, appliances (including but not limited to range(s), microwave(s), refrigerator(s), dishwasher(s), window HVAC unit(s), washer(s), and dryer(s), ceiling fan(s), light fixtures, attached wall-to-wall carpeting, rods, draperies and other window treatments) as of Effective Date. The real and personal property described above as included in the purchase is referred to as the "Property." Personal property listed in this Contract is included in the purchase price, has no contributory value and is being left for Seller's convenience.

## PRICE AND FINANCING

2. **PURCHASE PRICE:** _Two  hundred  seventy  thousand dollars_ ($ _270,000.00_)

(a) $ _10.00_  Refundable earnest money deposit to be held in trust by Seller.

(b) $ _N/A_  Conveyance taken subject to existing liens; principal balances _____

(If the principal balances are less than stated herein on day of closing, the purchase price shall be reduced to reflect this difference; if the principal balance(s) is more than stated herein, then Buyer's required cash payment shall be reduced accordingly.)

(c) $ _NA_  Seller financing; terms _____

(d) $ _269,990.00_  Cash, certified or cashier's check on closing and delivery of deed (or such greater of lesser amount as may be necessary to complete payment of purchase price after credits, adjustments and prorations).

3. **FINANCING:** Buyer shall have the same number of days as the Closing Date, including extensions, to obtain financing suitable to the Buyer's requirements. As applicable by law, should the Buyer give notice to the Seller prior to the end of this "Financing Period," that Buyer elects to cancel this Contract (the "Cancellation Notice"), this Contract shall terminate. If Buyer does not deliver the Cancellation Notice the Contract shall continue. Buyer may additionally cancel this agreement at any time before closing due to a) dissatisfaction with or inability to obtain adequate due diligence information on the property, or b) inability to obtain financing. In either event, Buyer shall be refunded any money, if any, paid to Seller. If Seller files for bankruptcy under chapters 5, 7, 11, 12 or 13 of the United States Bankruptcy Code during this contract period, Seller agrees not to reject, initiate steps to reject, attempt to modify or initiate an attempt to modify this agreement. However, Buyer does realize that the Court may order otherwise due to circumstances beyond Seller's control.

## CLOSING

4. **CLOSING DATE; OCCUPANCY:** Unless the Closing Date is specifically extended as described below, the Closing Date shall prevail over all other time periods including, but not limited to, inspection and financing periods. The Closing Date for this Contract is _Oct 12, 2018_ ("Closing Date"). Seller acknowledges that this transaction may require tremendous amounts of the Buyer's time and effort to complete and factors outside of the Buyer's control, such as coordinating suitable lien payoffs, may require the projected closing date to be extended. To be fair to the Buyer for all the work required to bring this transaction to a close, as well as the unforeseeable factors that may inhibit the closing from taking place as scheduled, Seller grants the buyer the ability to make the unilateral decision to extend the closing date for up to three (3) months from the Closing Date without any notice to the seller or any additional consideration. Closing may take place in a physical location or may be conducted by mail or electronic means and the escrow/title/closing agent for both the Buyer and the Seller sides of this transaction shall be chosen solely by Buyer. Upon full execution of this agreement, all rights and obligations of this agreement will automatically extend through the date of the actual closing. Prior to closing the Seller will (a) have removed all personal items and trash from the Property and swept the Property clean and (b) deliver the deed, occupancy and possession, along with all keys, garage door openers and access codes, to Buyer. In the event Property is currently inhabited by Seller, Seller agrees to move out prior to closing and the Property shall be unoccupied at the time of closing. The Buyer, at its option, may choose to take the Property subject to one or more residential leases in which case the Seller as the lessor shall, not less than 15 days prior to closing, furnish to Buyer copies of any and all written leases. Seller shall, at closing, deliver and assign all original leases to the Buyer.

5. **CLOSING PROCEDURE; COSTS:** In addition to other expenses provided in this Contract, Seller and Buyer will be responsible for the following costs associated with this transaction indicated below.

(a) Seller Costs: To be paid at time of closing, Seller Costs shall include any taxes, surtaxes or fees for recording the deed; recording fees for documents needed to cure title; Buyer's title insurance, repairs to warranted items; wood-destroying organism treatment (if any) and costs associated with closing out open permits and obtaining required permits for unpermitted existing improvements.

(b) Buyer Costs: Taxes and recording fees on notes and mortgages, Loan expenses, Lender's title policy, Inspections, Flood insurance, homeowner insurance, hazard insurance; pre-paids.

(c) Title Evidence and Insurance: Seller will provide an abstract as specified in Paragraph 9(a) as title evidence. Seller will pay for the owner's title policy and Buyer will select the title agent. Seller will pay fees for title searches prior to closing, including tax search and lien search fees title examination fees and closing fees, and Buyer will pay fees for title searches after closing (if any).

(d) Prorations: Property Taxes, Homeowner Association or Condominium Association Dues and/or Assessments (if any), and all other prorations, shall be prorated through the day of Closing. Cash at closing shall be increased or decreased as may be required by said prorations. Taxes shall be prorated based on the current year's tax with due allowance made for maximum allowable discount and homestead or other exemptions if allowed for said year. If closing occurs at a date when the current year's millage is not fixed, and current

Buyer _J   N_ and Seller _V S_ _____ acknowledge receipt of a copy of this page, which is Page 1 of 4 Pages.

60  year's assessment is available, taxes will be prorated based upon such assessment and the prior year's millage. If the current year's
61  assessment is not available, then taxes will be prorated on the prior year's tax; provided, however, if there are completed improvements on
62  the Property by January 1st of the prior year, then taxes shall be prorated based upon the prior year's millage and at an equitable
63  assessment to be agreed upon between the parties, failing which, request will be made to the County Property Tax Assessor for an
64  informal assessment taking into consideration homestead exemption, if any. However, any tax prorations based on an estimate may at the
65  request of either the Buyer or the Seller be subsequently readjusted upon receipt of tax bill on condition that a statement to that effect is set
66  forth in the closing statement. This provision shall survive closing.
67  (e) Special Assessment by Public Body: Regarding special assessments imposed by a public body, Seller will pay (i) the full amount of
68  liens that are certified, confirmed and ratified before closing and (ii) the amount of the last estimate of the assessment if an improvement is
69  substantially completed as of Effective Date but has not resulted in a lien before closing, and Buyer will pay all other amounts. If special
70  assessments may be paid in installments Buyer shall pay installments due after closing.
71  (f) Tax Withholding: Buyer and Seller will comply with the Foreign Investment in Real Property Tax Act, which may require Seller to
72  provide additional cash at closing if Seller is a "foreign person" as defined by federal law.
73  (g) Association(s): Seller will be responsible for paying any Homeowner's or Condominium Association transfer, estoppel or other fees
74  imposed by the Association in order to close this property.
75  (h) Leases: If this is an income property, Seller shall provide Buyer with an accounting and assignment of security deposits at closing.
76  Seller agrees to defend and indemnify Buyer for any and all claims, judgments and lawsuits related to the wrongful withholding of
77  security deposits that arose out of events or circumstances arising before closing of title.  This clause shall survive closing of title.

## PROPERTY CONDITION

78
79  **6. REAL PROPERTY DISCLOSURE:** Seller represents that Seller does not know of any facts that materially affect the value of the
80  Property, including but not limited to violations of governmental laws, rules and regulations, other than those that Buyer can readily
81  observe or that are known by or have been disclosed to Buyer. If membership in a homeowners' association is mandatory, an association
82  disclosure summary shall be provided by Seller to Buyer and Buyer reserves the right to cancel this Agreement if homeowners'
83  association terms and conditions are unsuitable to Buyer. Seller warrants that there are no judgments threatening the equity of this
84  property, and that there is no bankruptcy pending or contemplated by any title holder. Seller agrees not to encumber the property with any
85  new liens or increase any lines of credit currently against the property starting from the date of execution of this contract through the date
86  of closing.

87  **7. MAINTENANCE, INSPECTIONS AND REPAIR:** Seller will keep the Property in the same condition from Effective Date until
88  closing, except any repairs required by this Contract, including lawns, shrubs, pool (if any).Seller will provide a key for property access so
89  that Buyer can show partners, lenders, inspectors/contractors and other interested parties prior to closing. Seller agrees to keep all utilities,
90  including, but not limited to, water, electricity and gas, turned on and functioning throughout the duration of this Agreement and until this
91  transaction has closed. Seller warrants that the appliances currently in place at the time of this agreement will be the same appliances that
92  are contained in the sale at the time of closing. At closing, Seller will assign all assignable repair and treatment contracts to Buyer and
93  provide Buyer with paid receipts for all work done on the Property pursuant to the terms of this Contract. At closing, Seller will provide
94  Buyer with any written documentation that all open permits have been closed out and that Seller has obtained required permits for
95  improvements to the Property.
96  (1) Warranty: Seller warrants that property improvements, buildings or structures, the appliances, roof, plumbing non-leased major
97  appliances and heating, cooling, mechanical, electrical, security, sprinkler, septic and plumbing systems, seawall, dock and pool
98  equipment, if any, are and will be maintained in working condition until closing; that the structures (including roofs, doors and windows)
99  and pool, if any, are structurally sound and watertight; and that torn or missing screens and missing roof tiles will be repaired or replaced.
100 Seller warrants that all open permits will be closed out and that Seller will obtain any required permits for improvements to the Property
101 prior to Closing Date. This clause shall survive closing of title.
102 (2) Professional Inspection: Buyer and/or its assigns may, at Buyer's expense, have the property inspected. This Agreement is subject to
103 such inspection and Buyer may cancel this Agreement based on what is discovered from a detailed inspection of the property.
104 (3) Wood-Destroying Organisms: "Wood-destroying organism" means arthropod or plant life, including termites, powder-post beetles,
105 oldhouse borers and wood-decaying fungi, that damages or infests seasoned wood in a structure, excluding fences. Buyer may, at Seller's
106 expense, have the Property inspected by a licensed pest control business to determine the existence of past or present wood-destroying
107 organism infestation and damage caused by infestation. If the inspector finds evidence of infestation or damage, Seller will deliver a copy
108 of the inspector's written report to Buyer within 5 days from the date of the inspection. If Seller previously treated the Property for the type
109 of wood-destroying organisms found, Seller does not have to treat the Property again if (i) there is no visible live infestation, and (ii)
110 Seller transfers to Buyer at closing a current full treatment warranty for the type of wood-destroying organisms found. Otherwise, Seller
111 will have 5 days from receipt of the inspector's report to have reported damage estimated by a licensed building or general contractor and
112 corrective treatment estimated by a licensed pest control business. Seller will have treatments and repairs made by an appropriately
113 licensed person at Seller's expense.

114 **8. RISK OF LOSS:** If this Property is damaged prior to transfer of title, Buyer has the option of choosing to either accept any insurance
115 proceeds with the title to the property in "as is" condition, or canceling this Agreement and return of all deposits.

## TITLE

116
117 **9. TITLE:** Seller to deliver to Buyer Fee Simple title by a Warranty and/or Grant Deed free from any liens, restrictions, encumbrances, or
118 easements not specifically referenced in this agreement or that currently are not of public record.
119 (a) Title Evidence: Title evidence will show legal access to the Property and marketable title of record in Seller in accordance with current
120 title standards adopted by the state Bar, subject only to the following title exceptions, none of which prevent residential use of the
121 Property: covenants, easements and restrictions of record; matters of plat; existing zoning and government regulations; oil, gas and
122 mineral rights of record if there is no right of entry; current taxes; mortgages that Buyer will take over subject to; and encumbrances that

Buyer ___C___  ___N___  and Seller ___V S_____ acknowledge receipt of a copy of this page, which is Page 2 of 4 Pages.

Scanned by CamScanner

123    Seller will discharge at or before closing. Seller will, at least 2 days prior to closing, deliver to Buyer a title insurance commitment issued
124    by a licensed title insurer in the amount of the purchase price and subject only to title exceptions set forth in this Contract.
125    (b) Title Examination: Buyer will examine the title evidence and deliver written notice to Seller, prior to closing, of any defects that make
126    the title unmarketable. Seller will cure the defects at Seller's expense. If Seller is unable to cure the defects, Seller will deliver written
127    notice to Buyer and Buyer can either cancel this Contract or accept title with existing defects and close the transaction.
128    (c) Survey: Buyer may, at Buyer's expense, have the Property surveyed and deliver written notice to Seller, within 5 days from receipt of
129    survey but no later than closing, of any encroachments on the Property, encroachments by the Property's improvements on other lands or
130    deed restriction or zoning violations. Any such encroachment or violation will be treated in the same manner as a title defect and Buyer's
131    and Seller's obligations will be determined in accordance with subparagraph (b) above.
132    (d) Memorandum: Seller authorizes Buyer to record a Memorandum of Agreement with respect to this contract in the public records upon
133    execution hereof.
134    (e) Subject To Existing Financing: In the event Buyer is purchasing the Property subject to any existing mortgage(s) or other liens or
135    encumbrances;
136      (i) Seller agrees and understands that Buyer is not assuming any responsibility for any mortgages or other lien it takes over subject to.
137      (ii) Seller assigns its rights to any tax and insurance escrows held by said mortgage holder(s) or its (their) assigns to Buyer.
138      (iii) Seller will grant to Buyer a limited power of attorney to deal with the lender(s) and insurance provider(s) with respect to this
139      property.

140                       **MISCELLANEOUS**
141   **10. EFFECTIVE DATE; TIME; FORCE MAJEURE:**
142    (a) Effective Date: The "Effective Date" of this Contract is the date on which the last of the parties initials or signs and delivers the final
143    offer or counteroffer.
144    (b) Time: All time periods will be computed in business days (a "business day· is every calendar day except Saturday, Sunday and
145    national legal holidays). If any deadline falls on a Saturday, Sunday or national legal holiday, performance will be due the next business
146    day. All time periods will end at 5:00 p.m. local time (meaning in the county where the Property is located) of the appropriate day.
147    (c) Force Majeure: Buyer or Seller shall not be required to perform any obligation under this Contract or be liable to each other for
148    damages so long as the performance or non-performance of the obligation is delayed, caused or prevented by an act of God or force
149    majeure. An "act of God" or "force majeure" is defined as hurricanes, earthquakes, floods, fire, unusual transportation delays, wars,
150    insurrections and any other cause not reasonably within the control of the Buyer or Seller and which by the exercise of due diligence the
151    non-performing party is unable in whole or in part to prevent or overcome. All time periods, including Closing Date, will be extended (not
152    to exceed 30 days) for the period that the force majeure or act of God is in place. In the event that such "act of God" or "force majeure"
153    event continues beyond the 30 days in this sub-paragraph, either party may cancel the Contract by delivering written notice to the other
154    and Buyer's deposit shall be refunded.

155   **11. NOTICES; COUNTERPARTS:** All notices shall be in writing and will be delivered to the parties by mail, personal delivery or
156    electronic media. Any notice, document, or item delivered to or received by an attorney representing a party will be as effective as if
157    delivered to or by that party. It is hereby understood by Seller that the Buyer has made full disclosure that he/she may be a licensed real
158    estate agent. This agreement may be executed in counterparts and by facsimile or digital signatures. This Agreement becomes effective as
159    of the date of the last signature.

160   **12. COMPLETE AGREEMENT:** This Contract is the entire agreement between Buyer and Seller. The terms "Buyer," and "Seller," may
161    be singular or plural. No prior or present agreements will bind Buyer or Seller unless incorporated into this Contract. Modifications of this
162    Contract will not be binding unless in writing, signed or initialed and delivered by the party to be bound. Signatures, initials, documents
163    referenced in this Contract, counterparts and written modifications communicated electronically or on paper will be acceptable for all
164    purposes, including delivery, and will be binding. Handwritten or typewritten terms inserted in or attached to this Contract prevail over
165    preprinted terms. If any provision of this Contract is or becomes invalid or unenforceable, all remaining provisions will continue to be
166    fully effective. Buyer and Seller will use diligence and good faith in performing all obligations under this Contract.

167   **13. MARKETING:** Upon execution of this Agreement, Buyer will be operating as a principal in the purchase of Seller's property,  will
168    have an equitable interest in this property and therefore will have the right to market the property in any way Buyer deems fit; including
169    but not limited to; listing the Property on the Multiple Listing Service (MLS), placing a sign on the property, advertising the property for
170    sale, for rent or for rent to own as well as showing the property to prospective buyers/tenants. Buyer may also assign its rights to this
171    Agreement. This Contract is binding on the heirs, administrators, executors, personal representatives and assigns of Buyer and Seller.

172   **14. DEFAULT AND DISPUTE RESOLUTION**
173    (a) Buyer Default: If Buyer fails to perform any of the covenants of this contract, all money paid to Seller by Buyer as of the event of
174    default shall be retained by or for the account of) the Seller as consideration for the execution of this contract and as agreed liquidated
175    damages in full and final settlement of any and all claims for damages;
176    (b) Seller Default: If Seller fails to perform any of the covenants of this Contract, or sells the property to another buyer, any money paid
177    by Buyer to Seller pursuant to this contract, as of the event of default, shall be returned to Buyer on demand and the Buyer shall be entitled
178    to receive any proceeds received by the Seller, as liquidated damages from the sale of the property to another buyer; or the Buyer may
179    elect to seek specific performance instead, at the Buyer's option.

180   **15. DISPUTE RESOLUTION:** This Contract will be construed under the laws of the state where the Property is located. All
181    controversies, claims and other matters in question arising out of or relating to this transaction or this Contract or its breach will be settled

Buyer   J   N   and Seller J S    acknowledge receipt of a copy of this page, which is Page 3 of 4 Pages.

Scanned by CamScanner

182    as follows:

183    Buyer and Seller will have 30 days from the date a dispute arises between them to attempt to resolve the matter through mediation, failing
184    which the parties will resolve the dispute through neutral binding arbitration in the county where the Property is located. The arbitrator
185    may not alter the Contract terms or award any remedy not provided for in this Contract. The award will be based on the greater weight of
186    the evidence and will state findings of fact and the contractual authority on which it is based. If the parties agree to use discovery, it will
187    be in accordance with the state Rules of Civil Procedure and the arbitrator will resolve all discovery-related disputes.

188    Mediation and Arbitration; Expenses: "Mediation" is a process in which parties attempt to resolve a dispute by submitting it to an
189    impartial mediator who facilitates the resolution of the dispute but who is not empowered to impose a settlement on the parties. Mediation
190    will be in accordance with the rules of the American Arbitration Association ("AAA") or other mediator agreed on by the parties. The
191    parties will equally divide the mediation fee, if any. "Arbitration" is a process in which the parties resolve a dispute by a hearing before a
192    neutral person who decides the matter and whose decision is binding on the parties. Arbitration will be in accordance with the rules of the
193    AAA. Each party to any arbitration will pay its own fees, costs and expenses, including attorneys' fees, and will equally split the
194    arbitrators' fees and administrative fees of arbitration.

195

196    **16. CONTRACT NOTICE:** By signing below, each party does hereby acknowledge and agree that each has been given an opportunity to
197    review this Agreement with its/his/her own legal counsel and has either done so or has voluntarily waived the right to do so, and further
198    acknowledges that each is signing this Agreement of its/his/her own free will and accord. Accordingly, this Agreement shall not be
199    construed against either party by reason of drafting or preparation thereof.

200    **17. ADDITIONAL TERMS**
201
202
203
204
205
206
207
208
209
210
211
212
213
214
215
216
217
218
219
220
221
222
223
224
225
226
227
228
229
230
231
232    The parties have set their hands to execute this Agreement

233    Seller Signature: _Virginia Santos_____    Date: _7/27/18_

234    Seller Signature: _____    Date: _____

235    Buyer Signature: _____    Date: _7/27/18_

Buyer _J   N_ and Seller _V S___ acknowledge receipt of a copy of this page, which is Page 4 of 4 Pages.

Scanned by CamScanner

EXHIBIT B



**REPLY TO:**
7 Century Drive, Suite 201
Parsippany, NJ 07054
973-538-4700

74 Brick Boulevard, Suite 120
Brick, NJ 08723
732-279-3863

August 28, 2018

VIRGINIA SANTOS
23 PERSHING AVENUE
CRANFORD, NJ 07016

Re: VIRGINIA SANTOS
Property Address: 23 PERSHING AVENUE, CRANFORD, NJ 07016
Loan Servicer: PNC MORTGAGE, NA
Loan Number: ******5475
File Number: 346DBE

Dear Sir or Madam:

    Pursuant to your request, I am enclosing the payoff figures with regard to the above-entitled mortgage. Due to the fact that this matter was forwarded to our office for foreclosure proceedings, there have been additional charges incurred. Accordingly, the total amount due to payoff the above-referenced mortgage is as follows:

Payoff figures good through 09/05/2018:

| | |
|---|---:|
| Principal Balance | $72,419.77 |
| Interest | $6,565.42 |
| Recording Fee | $53.00 |
| Escrow Advance | $9,463.56 |
| Property Inspections | $645.00 |
| Outstanding Incurred Foreclosure Fees | $874.20 |
| Outstanding Incurred Foreclosure Costs | $586.06 |
| Total Amount Due | $90,607.01 |

    This figure is good until 09/05/2018. Payoff funds must be remitted by a cashier's check made payable to PNC MORTGAGE, NA, and forward to our office at 7 Century Drive, Suite 201, Parsippany, NJ 07054. Once our client acknowledges that the amount received is sufficient to payoff the loan and accepts your tender, we will begin the process of discontinuing the foreclosure action, if one was commenced and is currently active, and canceling the corresponding Notice of Pendency. After reviewing your account and applying your payment, if the client determines that an overpayment occurred, they will contact you separately for a refund of any overpayment.

    Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. As a result, if you pay the amount shown above, an adjustment may be

necessary after we receive your check, in which event we will inform you before depositing the check for collection.  For further information, write us or call (973) 538-4700.

**Federal Law requires us to notify you that we are acting as a debt collector, in an attempt to collect a debt. Any information obtained will be used for that purpose.**

**If you are currently in bankruptcy or have received a discharge in bankruptcy as to this obligation, this communication is intended for informational purposes only and is not an attempt to collect a debt in violation of the automatic stay or the discharge injunction.**

**Please be advised that this and any further communication will not stay the proceeding of this action unless notified in writing by lender or its counsel, or unless stayed by operation of law.**

If you have any further questions, feel free to contact this office's Payoff/Reinstatement Department.

Very truly yours,

Fein, Such, Kahn & Shepard, P.C.

EXHIBIT C

FROM:

Vito Alberti
AMJ Real Estate Appraisals, LLC
PO Box 3815
Union, NJ 07083

Telephone Number: 908-688-5014          Fax Number:

# INVOICE

| INVOICE NUMBER |
| --- |
| Virginia E Santos |
| **DATE** |
| 10/02/2018 |

| REFERENCE | |
| --- | --- |
| Internal Order #: | |
| Lender Case #: | |
| Client File #: | |
| Main File # on form: | Virginia E Santos |
| Other File # on form: | Virginia E Santos |
| Federal Tax ID: | 47-1588102 |
| Employer ID: | |

TO:

Virginia E Santos
Virginia E Santos

,

Telephone Number:               Fax Number:
Alternate Number:               E–Mail:

## DESCRIPTION

| | | | |
| --- | --- | --- | --- |
| Lender: None | | Client: Virginia E Santos | |
| Purchaser/Borrower: Virginia E Santos | | | |
| Property Address: 23 Pershing Ave | | | |
| City: Cranford | | | |
| County: Union | | State: NJ | Zip: 07016 |
| Legal Description: Block 578 Lot 3 | | | |

## FEES

| FEES | AMOUNT |
| --- | --- |
| 1 Family Appraisal | 300.00 |
| **SUBTOTAL** | **300.00** |

## PAYMENTS

| PAYMENTS | | | AMOUNT |
| --- | --- | --- | --- |
| Check #: | Date: 09/26/2018 | Description: Paid | 300.00 |
| Check #: | Date: | Description: | |
| Check #: | Date: | Description: | |
| | | **SUBTOTAL** | **300.00** |
| | | **TOTAL DUE** | $ 0.00 |

AMJ Real Estate Appraisals, LLC
P.O. Box 3815
Union, NJ 07083

10/02/2018

None

Re: Property:    23 Pershing Ave
                 Cranford, NJ 07016
    Borrower:    Virginia E Santos
    File No.:    Virginia E Santos

In accordance with your request, we have appraised the above referenced property.  The report of that appraisal is
attached. This summary appraisal is intended for use by the client to determine value as of 09/26/2018. This report is
not intended for any other use.

The purpose of this appraisal is to estimate the market value of the property described in this appraisal report, as
improved, in unencumbered fee simple title of ownership.

This report is based on a physical analysis of the site and improvements, a locational analysis of the neighborhood and
city, and an economic analysis of the market for properties such as the subject.  The appraisal was developed and the
report was prepared in accordance with the Uniform Standards of Professional Appraisal Practice.

The value conclusions reported are as of the effective date stated in the body of the report and contingent upon the
certification and limiting conditions attached. This appraisal is not to be used for any other litigation
purposes without the written consent of the appraiser.
It has been a pleasure to assist you.  Please do not hesitate to contact me or any of my staff if we can be of additional
service to you.

Sincerely,

Vito Alberti



## APPRAISAL OF REAL PROPERTY

### LOCATED AT:
23 Pershing Ave
Block 578 Lot 3
Cranford, NJ  07016

### FOR:
None

### AS OF:
09/26/2018

### BY:
Vito Alberti
P.O. Box 3815
Union, NJ  07083
Tel:(908) 688-5014
Email: amjappraisals@comcast.net

Appraisals (908) 688-5014

# RESIDENTIAL APPRAISAL SUMMARY REPORT

Virginia E Santos
Virginia E Santos
File No.: Virginia E Santos

**SUBJECT**

| | |
|---|---|
| Property Address: 23 Pershing Ave | City: Cranford | State: NJ | Zip Code: 07016 |
| County: Union | Legal Description: Block 578 Lot 3 | | |

Assessor's Parcel #: 2903/00578/0000/00003/0000

Tax Year: 2018    R.E. Taxes: $ 8,351    Special Assessments: $ 0.00    Borrower (if applicable): Virginia E Santos

Current Owner of Record: Virginia E Santos    Occupant: ☒ Owner ☐ Tenant ☐ Vacant ☐ Manufactured Housing

Project Type: ☐ PUD ☐ Condominium ☐ Cooperative ☐ Other (describe)    HOA: $ 0 ☐ per year ☐ per month

Market Area Name: N/A    Map Reference: 35084    Census Tract: 0373.00

**ASSIGNMENT**

The purpose of this appraisal is to develop an opinion of: ☒ Market Value (as defined), or ☐ other type of value (describe)

This report reflects the following value (if not Current, see comments): ☒ Current (the Inspection Date is the Effective Date) ☐ Retrospective ☐ Prospective

Approaches developed for this appraisal: ☒ Sales Comparison Approach ☐ Cost Approach ☐ Income Approach (See Reconciliation Comments and Scope of Work)

Property Rights Appraised: ☒ Fee Simple ☐ Leasehold ☐ Leased Fee ☐ Other (describe)

Intended Use: Determine value as of 09/26/2018

Intended User(s) (by name or type):

Client: Virginia E Santos    Address: 23 Pershing Ave Cranford NJ 07016

Appraiser: Vito Alberti    Address: P.O. Box 3815, Union, NJ 07083

**MARKET AREA DESCRIPTION**

| Location: | ☐ Urban ☒ Suburban ☐ Rural | Predominant Occupancy | One-Unit Housing | | Present Land Use | Change in Land Use |
|---|---|---|---|---|---|---|
| Built up: | ☒ Over 75% ☐ 25-75% ☐ Under 25% | ☒ Owner 95 | PRICE $(000) | AGE (yrs) | One-Unit 85 % | ☒ Not Likely |
| Growth rate: | ☐ Rapid ☒ Stable ☐ Slow | ☐ Tenant | 170 Low 0 | | 2-4 Unit 5 % | ☐ Likely * ☐ In Process * |
| Property values: | ☐ Increasing ☒ Stable ☐ Declining | ☐ Vacant (0-5%) | 1,125 High 175 | | Multi-Unit 5 % | * To: |
| Demand/supply: | ☐ Shortage ☒ In Balance ☐ Over Supply | ☐ Vacant (>5%) | 501 Pred 75 | | Comm'l 5 % | |
| Marketing time: | ☐ Under 3 Mos. ☒ 3-6 Mos. ☐ Over 6 Mos. | | | | % | |

Market Area Boundaries, Description, and Market Conditions (including support for the above characteristics and trends):    Supply and demand appear to be in balance at present, causing property values to stabilize. Marketing time is between 1 and 6 months for competitively priced homes. Exposure time for the subject is consistent with the marketing time for the neighborhood. Conventional financing is most common to the area. The neighborhood boundaries are limited to Cranford, NJ.

**SITE DESCRIPTION**

Dimensions: .13350 ac    Site Area: 5,817 sf

Zoning Classification: R-3    Description: 1 Family Detached

Zoning Compliance: ☐ Legal ☒ Legal nonconforming (grandfathered) ☐ Illegal ☐ No zoning

Are CC&Rs applicable? ☐ Yes ☐ No ☒ Unknown    Have the documents been reviewed? ☐ Yes ☐ No    Ground Rent (if applicable) $        /

Highest & Best Use as improved: ☒ Present use, or ☐ Other use (explain)

Actual Use as of Effective Date: 1 Family Residential    Use as appraised in this report: 1 Family Residential

Summary of Highest & Best Use: 1 Family Residential

| Utilities | Public | Other | Provider/Description | Off-site Improvements | Type | Public | Private | Topography | Level |
|---|---|---|---|---|---|---|---|---|---|
| Electricity | ☒ | ☐ | | Street | Macadam | ☒ | ☐ | Size | Average |
| Gas | ☒ | ☐ | | Curb/Gutter | Concrete | ☒ | ☐ | Shape | Rectangular |
| Water | ☒ | ☐ | | Sidewalk | Concrete | ☒ | ☐ | Drainage | Adequate |
| Sanitary Sewer | ☒ | ☐ | | Street Lights | Electric | ☒ | ☐ | View | Average |
| Storm Sewer | ☒ | ☐ | | Alley | None | | | | |

Other site elements: ☐ Inside Lot ☐ Corner Lot ☐ Cul de Sac ☒ Underground Utilities ☐ Other (describe)

FEMA Spec'l Flood Hazard Area ☐ Yes ☒ No    FEMA Flood Zone X    FEMA Map # 34039C0032F    FEMA Map Date 9/20/2006

Site Comments:

**DESCRIPTION OF THE IMPROVEMENTS**

| General Description | Exterior Description | | Foundation | | Basement ☐ None | Heating | |
|---|---|---|---|---|---|---|---|
| # of Units 1 ☐ Acc.Unit | Foundation | C Block/Avg | Slab | 0 | Area Sq. Ft. 750 | Type | FA |
| # of Stories 1.1 | Exterior Walls | Alum/Avg | Crawl Space | 0 | % Finished 0% | Fuel | Gas |
| Type ☒ Det. ☐ Att. | Roof Surface | Asph.Shgl/Poor | Basement | 750 | Ceiling Drywall | Cond | Avg |
| Design (Style) Cape | Gutters & Dwnspts. | Alum/Avg | Sump Pump ☐ | | Walls Panel | Cooling | |
| ☒ Existing ☐ Proposed ☐ Und.Cons. | Window Type | DH/Avg | Dampness | None Noted | Floor Concrete | Central | CAC |
| Actual Age (Yrs.) 68 | Storm/Screens | Yes/No/Avg | Settlement | None Noted | Outside Entry No | Other | |
| Effective Age (Yrs.) 35 | | | Infestation | None Noted | | Cond | Avg |

| Interior Description | | Appliances | | Attic ☒ None | Amenities | | Car Storage | ☐ None |
|---|---|---|---|---|---|---|---|---|
| Floors | Carpet/Tile/Poor | Refrigerator ☐ | Stairs ☐ | | Fireplace(s) # 0 | Woodstove(s) # | Garage # of cars ( 1 Tot.) | |
| Walls | Sheetrock/Panel/Fair | Range/Oven ☒ | Drop Stair ☐ | | Patio None | | Attach. | |
| Trim/Finish | Wood/Avg | Disposal ☐ | Scuttle ☐ | | Deck None | | Detach. | |
| Bath Floor | Tile/Fair | Dishwasher ☒ | Doorway ☐ | | Porch None | | Blt.-In | |
| Bath Wainscot | Fiber/Fair | Fan/Hood ☒ | Floor ☐ | | Fence None | | Carport | |
| Doors | Wood/Avg | Microwave ☐ | Heated ☐ | | Pool None | | Driveway 1 | |
| | | Washer/Dryer ☐ | Finished ☐ | | | | Surface Asphalt | |

Finished area above grade contains:    6 Rooms    3 Bedrooms    1.0 Bath(s)    1,152 Square Feet of Gross Living Area Above Grade

Additional features: Insulated windows.

Describe the condition of the property (including physical, functional and external obsolescence):    At the time of inspection the subject was found to be in average/fair/poor market condition. Repairs were noted by or reported to the appraiser. All utilities were on at time of inspection. No value placed on on non-realty items.

Copyright© 2007 by a la mode, inc. This form may be reproduced unmodified without written permission, however, a la mode, inc. must be acknowledged and credited.

Form GPRES2 - "TOTAL" appraisal software by a la mode, inc. - 1-800-ALAMODE    3/2007

# RESIDENTIAL APPRAISAL SUMMARY REPORT

Virginia E Santos
File No.: Virginia E Santos

Virginia E Santos
Case No.
Page of 42

| TRANSFER HISTORY | | |
|---|---|---|
| My research ☐ did ☒ did not reveal any prior sales or transfers of the subject property for the three years prior to the effective date of this appraisal. | | |
| Data Source(s)  Tax Assessor/MLS/NJ Tax Records | | |
| 1st Prior Subject Sale/Transfer | Analysis of sale/transfer history and/or any current agreement of sale/listing: | No sales of the subject within 3 years, or |
| Date: | comparables within 1 year. | |
| Price: | | |
| Source(s): | | |
| 2nd Prior Subject Sale/Transfer | | |
| Date: | | |
| Price: | | |
| Source(s): | | |

## SALES COMPARISON APPROACH TO VALUE (if developed)   ☐ The Sales Comparison Approach was not developed for this appraisal.

| FEATURE | SUBJECT | COMPARABLE SALE # 1 | | COMPARABLE SALE # 2 | | COMPARABLE SALE # 3 | |
|---|---|---|---|---|---|---|---|
| Address | 23 Pershing Ave | 4 Rose St | | 12 Ramapo Ct | | 35 Ramapo Rd | |
| | Cranford, NJ 07016 | Cranford, NJ 07016 | | Cranford, NJ 07016 | | Cranford, NJ 07016 | |
| Proximity to Subject | | 0.73 miles NE | | 0.79 miles NE | | 0.75 miles NE | |
| Sale Price | $ N/A | $ | 330,000 | $ | 341,000 | $ | 343,000 |
| Sale Price/GLA | $  /sq.ft. | $ 300.00 /sq.ft. | | $ 305.56 /sq.ft. | | $ 236.88 /sq.ft. | |
| Data Source(s) | Inspection | MLS# 3423733 | | MLS# 3446606 | | MLS# 3428702 | |
| Verification Source(s) | Tax Assessor | Tax Assessor/DOM 186 | | Tax Assessor/DOM 13 | | Tax Assessor/DOM 13 | |
| VALUE ADJUSTMENTS | DESCRIPTION | DESCRIPTION | +(-) $ Adjust. | DESCRIPTION | +(-) $ Adjust. | DESCRIPTION | +(-) $ Adjust. |
| Sales or Financing Concessions | N/A | CASH | 0 | CASH | 0 | CASH | 0 |
| Date of Sale/Time | N/A | 06/2018 | 0 | 03/2018 | 0 | 12/2017 | 0 |
| Rights Appraised | Fee Simple | Fee Simple | | Fee Simple | | Fee Simple | |
| Location | Average | Average | | Average | | Average | |
| Site | .13 ac | .11 ac | 0 | .22 ac | -4,500 | .14 ac | 0 |
| View | Average | Average | | Average | | Average | |
| Design (Style) | Cape | Cape | | Cape | | Cape | |
| Quality of Construction | Average | Average | | Average | | Average | |
| Age | 68 | 98 | +3,000 | 71 | 0 | 71 | 0 |
| Condition | Fair/Poor | Average (-15%) | -49,500 | Average (-15%) | -51,150 | Average (-15%) | -51,450 |
| Above Grade | Total / Bdrms / Baths | Total / Bdrms / Baths | | Total / Bdrms / Baths | | Total / Bdrms / Baths | |
| Room Count | 6 / 3 / 1.0 | 7 / 3 / 1.1 | -3,000 | 6 / 3 / 1.0 | | 6 / 3 / 1.0 | |
| Gross Living Area | 1,152 sq.ft. | 1,100 sq.ft. | 0 | 1,116 sq.ft. | 0 | 1,448 sq.ft. | -16,300 |
| Basement & Finished | Full Basement | Full Basement | | Full Basement | | Full Basement | |
| Rooms Below Grade | None | None | | None | | Finished | -3,000 |
| Functional Utility | Adequate | Adequate | | Adequate | | Adequate | |
| Heating/Cooling | FA/CAC | HW/CAC | 0 | FA/CAC | | FA/None | +3,000 |
| Energy Efficient Items | Insul wds | Insul wds | | Insul wds | | Insul wds | |
| Garage/Carport | Driveway | Driveway | | 1 Car Garage | -7,000 | 1 Car Garage | -7,000 |
| Porch/Patio/Deck | None | Deck | -2,500 | Deck,Patio | -5,000 | Enclosed Porch | -4,000 |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| Net Adjustment (Total) | | ☐ + ☒ - $ | -52,000 | ☐ + ☒ - $ | -67,650 | ☐ + ☒ - $ | -78,750 |
| Adjusted Sale Price of Comparables | | $ | 278,000 | $ | 273,350 | $ | 264,250 |

Summary of Sales Comparison Approach   All comparable sales are similar 1 family dwellings, adjusted accordingly for their differences in amenities and are considered the best indicators of value available at the time of inspection. GLA was obtained from the Municipal Tax Assessor and or estimated based upon an exterior inspection when not available and adjusted at $50.00 psf (minimum 100 sq ft). Lot size was adjusted at $5,000 per 1/10 of a acre. Age was adjusted at $100.00 per yera over 10 years. Room count adjustment included with the GLA adjustment. All comparables were adjusted at 15% for being in average condition.

Subject data is collected from statements of the client and/or owner, public records, and Multiple Listings Service (MLS) as available. The physical inspection includes observation of general building materials and conditions for comparison. Any such problems UNDISCLOSED to the appraiser are to be considered conditions of this report, and the appraiser reserves the right to modify the value opinion upon discovery or disclosure.

The appraiser has no access to what other appraisers have rated a particular comparable or what adjustments may have been made for it. The appraiser of this report was not provided with these peer or model ratings, and therefore, cannot comment on the difference of opinion. The current appraisers ratings and adjustments for each comparable in this report are correct in his opinion and typical for this market area.

Indicated Value by Sales Comparison Approach $   270,000

Copyright© 2007 by a la mode, inc. This form may be reproduced unmodified without written permission, however, a la mode, inc. must be acknowledged and credited.

# RESIDENTIAL APPRAISAL SUMMARY REPORT

File No.:  Virginia E Santos

## COST APPROACH

**COST APPROACH TO VALUE (if developed)**  ☒ The Cost Approach was not developed for this appraisal.

Provide adequate information for replication of the following cost figures and calculations.

Support for the opinion of site value (summary of comparable land sales or other methods for estimating site value): _____

ESTIMATED ☐ REPRODUCTION OR ☐ REPLACEMENT COST NEW    OPINION OF SITE VALUE ............................... =$

| | | |
|---|---|---|
| Source of cost data: | DWELLING | Sq.Ft. @ $ ..... =$ |
| Quality rating from cost service:    Effective date of cost data: | | Sq.Ft. @ $ ..... =$ |
| Comments on Cost Approach (gross living area calculations, depreciation, etc.): | | Sq.Ft. @ $ ..... =$ |
| | | Sq.Ft. @ $ ..... =$ |
| | | Sq.Ft. @ $ ..... =$ |
| | | ..... =$ |
| | Garage/Carport | Sq.Ft. @ $ ..... =$ |
| | Total Estimate of Cost-New | ..... =$ |
| | Less    Physical    Functional    External | |
| | Depreciation | =$( ) |
| | Depreciated Cost of Improvements .................. =$ |
| | "As-is" Value of Site Improvements .................. =$ |
| | | =$ |
| | | =$ |

Estimated Remaining Economic Life (if required): _____ Years   **INDICATED VALUE BY COST APPROACH** .................... =$

## INCOME APPROACH

**INCOME APPROACH TO VALUE (if developed)**  ☒ The Income Approach was not developed for this appraisal.

Estimated Monthly Market Rent $ _____    X Gross Rent Multiplier _____ = $ _____    **Indicated Value by Income Approach** _____

Summary of Income Approach (including support for market rent and GRM): _____

## PUD

**PROJECT INFORMATION FOR PUDs (if applicable)**  ☐ The Subject is part of a Planned Unit Development.

Legal Name of Project: _____

Describe common elements and recreational facilities: _____

## RECONCILIATION

Indicated Value by: Sales Comparison Approach $ 270,000    Cost Approach (if developed) $ N/A    Income Approach (if developed) $ N/A

Final Reconciliation   The Sales Comparison Approach reflects direct buyer/seller activity and was most strongly considered. The Income Approach was not utilized as single family properties do not typically sell for income potential.

This appraisal is made ☒ "as is",  ☐ subject to completion per plans and specifications on the basis of a Hypothetical Condition that the improvements have been completed,  ☐ subject to the following repairs or alterations on the basis of a Hypothetical Condition that the repairs or alterations have been completed. ☐ subject to the following required inspection based on the Extraordinary Assumption that the condition or deficiency does not require alteration or repair:   No conditions placed upon this appraisal report.

☐ This report is also subject to other Hypothetical Conditions and/or Extraordinary Assumptions as specified in the attached addenda.

**Based on the degree of inspection of the subject property, as indicated below, defined Scope of Work, Statement of Assumptions and Limiting Conditions, and Appraiser's Certifications, my (our) Opinion of the Market Value (or other specified value type), as defined herein, of the real property that is the subject of this report is: $   270,000   , as of:   09/26/2018   , which is the effective date of this appraisal. If indicated above, this Opinion of Value is subject to Hypothetical Conditions and/or Extraordinary Assumptions included in this report.  See attached addenda.**

## ATTACHMENTS

A true and complete copy of this report contains   23   pages, including exhibits which are considered an integral part of the report. This appraisal report may not be properly understood without reference to the information contained in the complete report.

Attached Exhibits:

☒ Scope of Work   ☒ Limiting Cond./Certifications   ☐ Narrative Addendum   ☒ Photograph Addenda   ☒ Sketch Addendum
☒ Map Addenda   ☒ Additional Sales   ☐ Cost Addendum   ☒ Flood Addendum   ☐ Manuf. House Addendum
☐ Hypothetical Conditions   ☐ Extraordinary Assumptions

Client Contact:  Virginia E Santos    Client Name:   Virginia E Santos

E-Mail:  gsantos617@gmail.com    Address:   23 Pershing Ave Cranford NJ 07016

## SIGNATURES

| APPRAISER | SUPERVISORY APPRAISER (if required) or CO-APPRAISER (if applicable) |
|---|---|
| | |
| Appraiser Name:   Vito Alberti | Supervisory or Co-Appraiser Name: _____ |
| Company:   AMJ Appraisals, LLC | Company: _____ |
| Phone: (908) 688-5014    Fax: _____ | Phone: _____    Fax: _____ |
| E-Mail:  amjappraisals@comcast.net | E-Mail: _____ |
| Date of Report (Signature): _____ | Date of Report (Signature): _____ |
| License or Certification #:   42RC00233500    State:  NJ | License or Certification #: _____    State: _____ |
| Designation: _____ | Designation: _____ |
| Expiration Date of License or Certification:   12/31/2019 | Expiration Date of License or Certification: _____ |
| Inspection of Subject:  ☒ Interior & Exterior  ☐ Exterior Only  ☐ None | Inspection of Subject:  ☐ Interior & Exterior  ☐ Exterior Only  ☐ None |
| Date of Inspection:   09/26/2018 | Date of Inspection: _____ |

GP RESIDENTIAL   Copyright© 2007 by a la mode, inc. This form may be reproduced unmodified without written permission, however, a la mode, inc. must be acknowledged and credited.
Form GPRES2 - "TOTAL" appraisal software by a la mode, inc. - 1-800-ALAMODE    3/2007

## Assumptions, Limiting Conditions & Scope of Work

| Property Address: | 23 Pershing Ave | | City: Cranford | | State: NJ | Zip Code: 07016 |
|---|---|---|---|---|---|---|

File No.: Virginia E Santos

| Client: | Virginia E Santos | Address: | |
|---|---|---|---|
| Appraiser: | Vito Alberti | Address: | P.O. Box 3815, Union, NJ 07083 |

**STATEMENT OF ASSUMPTIONS & LIMITING CONDITIONS**

- The appraiser will not be responsible for matters of a legal nature that affect either the property being appraised or the title to it. The appraiser assumes that the title is good and marketable and, therefore, will not render any opinions about the title. The property is appraised on the basis of it being under responsible ownership.
- The appraiser may have provided a sketch in the appraisal report to show approximate dimensions of the improvements, and any such sketch is included only to assist the reader of the report in visualizing the property and understanding the appraiser's determination of its size. Unless otherwise indicated, a Land Survey was not performed.
- If so indicated, the appraiser has examined the available flood maps that are provided by the Federal Emergency Management Agency (or other data sources) and has noted in the appraisal report whether the subject site is located in an identified Special Flood Hazard Area. Because the appraiser is not a surveyor, he or she makes no guarantees, express or implied, regarding this determination.
- The appraiser will not give testimony or appear in court because he or she made an appraisal of the property in question, unless specific arrangements to do so have been made beforehand.
- If the cost approach is included in this appraisal, the appraiser has estimated the value of the land in the cost approach at its highest and best use, and the improvements at their contributory value. These separate valuations of the land and improvements must not be used in conjunction with any other appraisal and are invalid if they are so used. Unless otherwise specifically indicated, the cost approach value is not an insurance value, and should not be used as such.
- The appraiser has noted in the appraisal report any adverse conditions (including, but not limited to, needed repairs, depreciation, the presence of hazardous wastes, toxic substances, etc.) observed during the inspection of the subject property, or that he or she became aware of during the normal research involved in performing the appraisal. Unless otherwise stated in the appraisal report, the appraiser has no knowledge of any hidden or unapparent conditions of the property, or adverse environmental conditions (including, but not limited to, the presence of hazardous wastes, toxic substances, etc.) that would make the property more or less valuable, and has assumed that there are no such conditions and makes no guarantees or warranties, express or implied, regarding the condition of the property. The appraiser will not be responsible for any such conditions that do exist or for any engineering or testing that might be required to discover whether such conditions exist. Because the appraiser is not an expert in the field of environmental hazards, the appraisal report must not be considered as an environmental assessment of the property.
- The appraiser obtained the information, estimates, and opinions that were expressed in the appraisal report from sources that he or she considers to be reliable and believes them to be true and correct. The appraiser does not assume responsibility for the accuracy of such items that were furnished by other parties.
- The appraiser will not disclose the contents of the appraisal report except as provided for in the Uniform Standards of Professional Appraisal Practice, and any applicable federal, state or local laws.
- If this appraisal is indicated as subject to satisfactory completion, repairs, or alterations, the appraiser has based his or her appraisal report and valuation conclusion on the assumption that completion of the improvements will be performed in a workmanlike manner.
- An appraiser's client is the party (or parties) who engage an appraiser in a specific assignment. Any other party acquiring this report from the client does not become a party to the appraiser-client relationship. Any persons receiving this appraisal report because of disclosure requirements applicable to the appraiser's client do not become intended users of this report unless specifically identified by the client at the time of the assignment.
- The appraiser's written consent and approval must be obtained before this appraisal report can be conveyed by anyone to the public, through advertising, public relations, news, sales, or by means of any other media, or by its inclusion in a private or public database.
- An appraisal of real property is not a 'home inspection' and should not be construed as such. As part of the valuation process, the appraiser performs a non-invasive visual inventory that is not intended to reveal defects or detrimental conditions that are not readily apparent. The presence of such conditions or defects could adversely affect the appraiser's opinion of value. Clients with concerns about such potential negative factors are encouraged to engage the appropriate type of expert to investigate.

**The Scope of Work is the type and extent of research and analyses performed in an appraisal assignment that is required to produce credible assignment results, given the nature of the appraisal problem, the specific requirements of the intended user(s) and the intended use of the appraisal report. Reliance upon this report, regardless of how acquired, by any party or for any use, other than those specified in this report by the Appraiser, is prohibited. The Opinion of Value that is the conclusion of this report is credible only within the context of the Scope of Work, Effective Date, the Date of Report, the Intended User(s), the Intended Use, the stated Assumptions and Limiting Conditions, any Hypothetical Conditions and/or Extraordinary Assumptions, and the Type of Value, as defined herein. The appraiser, appraisal firm, and related parties assume no obligation, liability, or accountability, and will not be responsible for any unauthorized use of this report or its conclusions.**

**GP** RESIDENTIAL    Copyright© 2007 by a la mode, inc. This form may be reproduced unmodified without written permission, however, a la mode, inc. must be acknowledged and credited.
Form GPRES2AD - "TOTAL" appraisal software by a la mode, inc. - 1-800-ALAMODE    3/2007

| Property Address: 23 Pershing Ave | | City: Cranford | State: NJ | Zip Code: 07016 |
|---|---|---|---|---|
| Client: Virginia E Santos | Address: | | | |
| Appraiser: Vito Alberti | Address: P.O. Box 3815, Union, NJ 07083 | | | |

**APPRAISER'S CERTIFICATION**

**I certify that, to the best of my knowledge and belief:**

- The statements of fact contained in this report are true and correct.
- The credibility of this report, for the stated use by the stated user(s), of the reported analyses, opinions, and conclusions are limited only by the reported assumptions and limiting conditions, and are my personal, impartial, and unbiased professional analyses, opinions, and conclusions.
- I have no present or prospective interest in the property that is the subject of this report and no personal interest with respect to the parties involved.
- I have no bias with respect to the property that is the subject of this report or to the parties involved with this assignment.
- My engagement in this assignment was not contingent upon developing or reporting predetermined results.
- My compensation for completing this assignment is not contingent upon the development or reporting of a predetermined value or direction in value that favors the cause of the client, the amount of the value opinion, the attainment of a stipulated result, or the occurrence of a subsequent event directly related to the intended use of this appraisal.
- My analyses, opinions, and conclusions were developed, and this report has been prepared, in conformity with the Uniform Standards of Professional Appraisal Practice that were in effect at the time this report was prepared.
- I did not base, either partially or completely, my analysis and/or the opinion of value in the appraisal report on the race, color, religion, sex, handicap, familial status, or national origin of either the prospective owners or occupants of the subject property, or of the present owners or occupants of the properties in the vicinity of the subject property.
- Unless otherwise indicated, I have made a personal inspection of the property that is the subject of this report.
- Unless otherwise indicated, no one provided significant real property appraisal assistance to the person(s) signing this certification.

**Additional Certifications:**

**DEFINITION OF MARKET VALUE *:**

Market value means the most probable price which a property should bring in a competitive and open market under all conditions requisite to a fair sale, the buyer and seller each acting prudently and knowledgeably, and assuming the price is not affected by undue stimulus. Implicit in this definition is the consummation of a sale as of a specified date and the passing of title from seller to buyer under conditions whereby:

1. Buyer and seller are typically motivated;
2. Both parties are well informed or well advised and acting in what they consider their own best interests;
3. A reasonable time is allowed for exposure in the open market;
4. Payment is made in terms of cash in U.S. dollars or in terms of financial arrangements comparable thereto; and
5. The price represents the normal consideration for the property sold unaffected by special or creative financing or sales concessions granted by anyone associated with the sale.

* This definition is from regulations published by federal regulatory agencies pursuant to Title XI of the Financial Institutions Reform, Recovery, and Enforcement Act (FIRREA) of 1989 between July 5, 1990, and August 24, 1990, by the Federal Reserve System (FRS), National Credit Union Administration (NCUA), Federal Deposit Insurance Corporation (FDIC), the Office of Thrift Supervision (OTS), and the Office of Comptroller of the Currency (OCC). This definition is also referenced in regulations jointly published by the OCC, OTS, FRS, and FDIC on June 7, 1994, and in the Interagency Appraisal and Evaluation Guidelines, dated October 27, 1994.

| Client Contact: Virginia E Santos | | Client Name: Virginia E Santos | |
|---|---|---|---|
| E-Mail: gsantos617@gmail.com | Address: | | |

| APPRAISER | SUPERVISORY APPRAISER (if required) or CO-APPRAISER (if applicable) |
|---|---|
| | |
| Appraiser Name: Vito Alberti | Supervisory or Co-Appraiser Name: |
| Company: AMJ Appraisals, LLC | Company: |
| Phone: (908) 688-5014    Fax: | Phone:    Fax: |
| E-Mail: amjappraisals@comcast.net | E-Mail: |
| Date Report Signed: | Date Report Signed: |
| License or Certification #: 42RC00233500    State: NJ | License or Certification #:    State: |
| Designation: | Designation: |
| Expiration Date of License or Certification: 12/31/2019 | Expiration Date of License or Certification: |
| Inspection of Subject: ☒ Interior & Exterior ☐ Exterior Only ☐ None | Inspection of Subject: ☐ Interior & Exterior ☐ Exterior Only ☐ None |
| Date of Inspection: 09/26/2018 | Date of Inspection: |

**GP RESIDENTIAL**

Copyright© 2007 by a la mode, inc. This form may be reproduced unmodified without written permission, however, a la mode, inc. must be acknowledged and credited.
Form GPRES2AD - "TOTAL" appraisal software by a la mode, inc. - 1-800-ALAMODE
3/2007

Subject Photo Page

| Borrower | Virginia E Santos | | | | |
| Property Address | 23 Pershing Ave | | | | |
| City | Cranford | County | Union | State NJ | Zip Code 07016 |
| Lender/Client | None | | | | |



**Subject Front**

23 Pershing Ave
| | |
|---|---|
| Sales Price | N/A |
| Gross Living Area | 1,152 |
| Total Rooms | 6 |
| Total Bedrooms | 3 |
| Total Bathrooms | 1.0 |
| Location | Average |
| View | Average |
| Site | .13 ac |
| Quality | Average |
| Age | 68 |



**Subject Rear**



**Subject Street**

**PHOTOGRAPH ADDENDUM**

| Borrower | Virginia E Santos | | | | |
|---|---|---|---|---|---|
| Property Address | 23 Pershing Ave | | | | |
| City | Cranford | County | Union | State NJ | Zip Code 07016 |
| Lender/Client | None | | | | |



Left Side



Right Side



Street

PHOTOGRAPH ADDENDUM

| Borrower | Virginia E Santos | | | | |
|---|---|---|---|---|---|
| Property Address | 23 Pershing Ave | | | | |
| City | Cranford | County | Union | State NJ | Zip Code 07016 |
| Lender/Client | None | | | | |



Front



Deferred Maintenance



Electric MeterR

Photograph Addendum

| Borrower | Virginia E Santos | | | | |
|---|---|---|---|---|---|
| Property Address | 23 Pershing Ave | | | | |
| City | Cranford | County | Union | State NJ | Zip Code 07016 |
| Lender/Client | None | | | | |



Deferred Maintenance



Roof Appeares to be at the end of it life



LR

**Photograph Addendum**

| Borrower | Virginia E Santos | | | | | |
|---|---|---|---|---|---|---|
| Property Address | 23 Pershing Ave | | | | | |
| City | Cranford | County | Union | State | NJ | Zip Code 07016 |
| Lender/Client | None | | | | | |



BR



BR



Bath

Photograph Addendum

| Borrower | Virginia E Santos | | | | | | |
|---|---|---|---|---|---|---|---|
| Property Address | 23 Pershing Ave | | | | | | |
| City | Cranford | County | Union | State | NJ | Zip Code | 07016 |
| Lender/Client | None | | | | | | |



Kitchen



Kitchen



Stairs

**Photograph Addendum**

| Borrower | Virginia E Santos | | | | |
| Property Address | 23 Pershing Ave | | | | |
| City | Cranford | County | Union | State NJ | Zip Code 07016 |
| Lender/Client | None | | | | |



Wall repair



Den



BR

**Photograph Addendum**

| Borrower | Virginia E Santos | | | | | |
|---|---|---|---|---|---|---|
| Property Address | 23 Pershing Ave | | | | | |
| City | Cranford | County | Union | State | NJ | Zip Code 07016 |
| Lender/Client | None | | | | | |



Stairs



Basement



Heating

Photograph Addendum

| Borrower | Virginia E Santos | | | | | |
|----------|-------------------|--|--|--|--|--|
| Property Address | 23 Pershing Ave | | | | | |
| City | Cranford | County | Union | State | NJ | Zip Code  07016 |
| Lender/Client | None | | | | | |



Water Heater



Basement



Heating

**Photograph Addendum**

| Borrower | Virginia E Santos | | | | | |
|---|---|---|---|---|---|---|
| Property Address | 23 Pershing Ave | | | | | |
| City | Cranford | County | Union | State | NJ | Zip Code 07016 |
| Lender/Client | None | | | | | |



Basement



Basement

Comparable Photo Page

| Borrower | Virginia E Santos | | | | |
|---|---|---|---|---|---|
| Property Address | 23 Pershing Ave | | | | |
| City | Cranford | County | Union | State NJ | Zip Code 07016 |
| Lender/Client | None | | | | |



### Comparable 1

4 Rose St

| Prox. to Subject | 0.73 miles NE |
|---|---|
| Sale Price | 330,000 |
| Gross Living Area | 1,100 |
| Total Rooms | 7 |
| Total Bedrooms | 3 |
| Total Bathrooms | 1.1 |
| Location | Average |
| View | Average |
| Site | .11 ac |
| Quality | Average |
| Age | 98 |



### Comparable 2

12 Ramapo Ct

| Prox. to Subject | 0.79 miles NE |
|---|---|
| Sale Price | 341,000 |
| Gross Living Area | 1,116 |
| Total Rooms | 6 |
| Total Bedrooms | 3 |
| Total Bathrooms | 1.0 |
| Location | Average |
| View | Average |
| Site | .22 ac |
| Quality | Average |
| Age | 71 |



### Comparable 3

35 Ramapo Rd

| Prox. to Subject | 0.75 miles NE |
|---|---|
| Sale Price | 343,000 |
| Gross Living Area | 1,448 |
| Total Rooms | 6 |
| Total Bedrooms | 3 |
| Total Bathrooms | 1.0 |
| Location | Average |
| View | Average |
| Site | .14 ac |
| Quality | Average |
| Age | 71 |

Building Sketch

| FNMA/VA Case No. | Page # 19 of 23 |

| Borrower | Virginia E Santos | | | | |
|---|---|---|---|---|---|
| Property Address | 23 Pershing Ave | | | | |
| City | Cranford | County | Union | State NJ | Zip Code 07016 |
| Lender/Client | None | | | | |



1st Floor — 30', 25', 30', 25'
Bedroom, Bath, Kitchen, Bedroom, Living

2nd Floor — 30', 12', 15', 16', 3', 14'
Den, Bedroom

TOTAL Sketch by a la mode, inc.

**Area Calculations Summary**

| Living Area | | Calculation Details |
|---|---|---|
| First Floor | 750 Sq ft | 25 × 30 = 750 |
| Second Floor | 402 Sq ft | 15 × 14 = 210 |
| | | 12 × 16 = 192 |
| **Total Living Area (Rounded):** | **1152 Sq ft** | |

**Location Map**

| Borrower | Virginia E Santos | | | | | | |
|---|---|---|---|---|---|---|---|
| Property Address | 23 Pershing Ave | | | | | | |
| City | Cranford | County | Union | | State | NJ | Zip Code  07016 |
| Lender/Client | None | | | | | | |



**Aerial Map**

| Borrower | Virginia E Santos | | | | | |
|---|---|---|---|---|---|---|
| Property Address | 23 Pershing Ave | | | | | |
| City | Cranford | County | Union | State | NJ | Zip Code  07016 |
| Lender/Client | None | | | | | |



APPRAISER'S E & O INSURANCE

| Borrower | Virginia E Santos | | | | | |
|---|---|---|---|---|---|---|
| Property Address | 23 Pershing Ave | | | | | |
| City | Cranford | County | Union | State | NJ | Zip Code 07016 |
| Lender/Client | None | | | | | |



**General Star National Insurance Company**
P.O. Box 10360    (Attn: GSN)
Stamford, Connecticut  06904

## REAL ESTATE APPRAISERS ERRORS & OMISSIONS INSURANCE POLICY

### DECLARATIONS PAGE

This is a claims made and reported policy. Please read this policy and all endorsements and attachments carefully.

Policy Number: NJA355715                                    Renewal of Number:

1. **NAMED INSURED:** Vito Alberti
   **STREET ADDRESS:** 5 Robin Ct, Morristown, NJ 07960

2. **POLICY PERIOD:** Inception Date: 08/20/2018            Expiration Date: 08/20/2019
   Effective 12:01 a.m. Standard Time at the address of the Named Insured.

3. **LIMITS OF LIABILITY:**
   Each **Claim:** $1,000,000
   Aggregate: $1,000,000
   **Claim Expenses** have a separate Limit of Liability:
   Each **Claim:** $1,000,000
   Aggregate: $1,000,000

4. **DEDUCTIBLE:**       Each Claim: $0    Aggregate: $0

5. **RETROACTIVE DATE:** 08/20/2014
   If a date is indicated, this policy will not provide coverage for any **Claim** arising out of any act, error,
   omission or personal injury which occurred before such date.

6. **ANNUAL PREMIUM:**            $514
   NJ Property Liability Insurance Guaranty Association (PLIGA)    $3.00
   Total Premium and Taxes/Surcharge:    $517.00

7. **ENDORSEMENTS:**
   This policy is made and accepted subject to the printed policy form together with the following form(s) or
   endorsement(s).

   AP 10 0001 06 11,  SGN 90 0001 07 10,  AP 00 0001 06 11,    AP 04 0001 06 11,    AP 04 0003
   07 14,  AP 04 0004 07 14,  AP 20 0001 06 11,    AP 21 0002 06 11,    AP 27 0003 06 11,    AP
   27 0004 06 11,  AP 27 0006  10 16,  AP 01 0026NJ 06 11,    AP 08 0032NJ 06 11,

8. **PRODUCER NAME:** Norman-Spencer Agency, Inc.
   **STREET ADDRESS:** 8075 Washington Village Drive Dayton, OH 45458

_____
Authorized Representative

Producer Code:  26480                    Class Code: 73128
Date:    07/19/2018

AP 10 0001 06 11        © Copyright 2011, General Star Management Company, Stamford, CT        Page 1 of 1

**APPRAISERS LICENSE**

| Borrower | Virginia E Santos | | | | | |
|----------|-------------------|--|--|--|--|--|
| Property Address | 23 Pershing Ave | | | | | |
| City | Cranford | County | Union | State | NJ | Zip Code 07016 |
| Lender/Client | None | | | | | |

THIS DOCUMENT IS PRINTED ON WATERMARKED PAPER, WITH A MULTI-COLORED
BACKGROUND AND MULTIPLE SECURITY FEATURES. PLEASE VERIFY AUTHENTICITY.

## State Of New Jersey
## New Jersey Office of the Attorney General
## Division of Consumer Affairs

THIS IS TO CERTIFY THAT THE
**Real Estate Appraisers Board**

HAS CERTIFIED

Vito  Alberti
P.O Box 3815
Union NJ   07083

FOR PRACTICE IN NEW JERSEY AS A(N):   Cert Residential Appraiser

11/04/2017  TO  12/31/2019
VALID

**42RC00233500**
LICENSE/REGISTRATION/CERTIFICATION #

Signature of Licensee/Registrant/Certificate Holder

ACTING DIRECTOR

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

Benjamin J. Ginter, Esq
34 Forest Ave
Cranford, NJ 07016
T: 908-272-6565
F: 484-214-0310
Attorney for Debtor

| | |
|---|---|
| In Re:<br><br>    VIRGINIA E. SANTOS | Case No.:        14-28424<br><br>Chapter:        13<br><br>Hearing Date:    11/8/18 AT 11:00 AM<br><br>Judge:        JKS |

### ORDER AUTHORIZING SALE OF PROPERTY FREE AND CLEAR OF JUDGMENT LIENS, APPOINTING PROFESSIONALS, ALLOWING LEGAL FEES , AND PERMITTING PAYMENT OF DEBTORS' EXEMPTION

The relief set forth on the following pages, numbered two (2) through _____3_____ is **ORDERED**.

THIS MATTER came to the attention of the Court upon the motion of the Debtor for an Order Authorizing the Sale of certain Real Property Free and Clear of Judgment Liens, Appointing Professional, Allowing Legal Fees and Permitting Payment of Debtors' Exemption.

It is ORDERED as follows:

1. Pursuant to 11 U.S.C. Sec. 363(b) and (f), et seq., the Debtor is authorized to sell the property located at 23 Pershing Ave, Cranford, NJ 07016 under the contract signed July 27, 2018.

2. Pursuant to 11 U.S.C. Sec. 363(f), the sale of Property authorized above shall be free and clear of all judgment liens covering the Property at the time of sale

3. *The Debtor shall pay all valid security interests, specifically, the entire balance owed on the mortgage lien currently held by PNC Mortgage at the time of sale.*

4. Pursuant to 11 U.S.C. Sec. 328(a) and 503(b)(1) Gary Goodman, Esq is appointed as closing counsel to the Debtor in connection with the sale of the property and shall be and hereby is allowed a counsel fee of $4,100.00. The proceeds shall be paid out of the gross sales proceeds at closing.

5. After payment of the items contained in Paragraphs 3 through 5, and after deduction of all ordinary costs and adjustments and any exemptions which the Debtor took in the property, Debtor shall deliver all net proceeds to the Standing Trustee, or shall deliver such smaller amount as is necessary to complete her obligation under her Chapter 13 Plan.

6. Upon the signing and receipt of this Order, Debtor's counsel will circulate the entered Order upon receipt to all interested parties and their attorney.

Dated:

_____
J.S.C.